PER CURIAM.
David Elder appeals the final order, issued by the Construction Industry Licensing Board of the Department of Business & Professional Regulation, denying his application for licensure in the State of Florida. He contends that the reason given by the Board constituted an improper basis for the denial. We agree and reverse for further consideration.
In 1995 and 1996, the Board initiated several administrative complaints against Elder regarding the use of his contractor’s license in Florida. In exchange for the Board’s agreement not to pursue further proceedings in those cases, Elder voluntarily relinquished his license as a certified general contractor and roofer and agreed not to apply for relicensure in the State of Florida for at least five years. A final order was issued on June 7, 1996, approving this agreement.
Six years later, Elder reapplied for li-censure with the Board and ultimately was granted an informal hearing, wherein he was required to prove his rehabilitation and eligibility to be relicensed. The Board declined to approve Elder’s request for licensure or recertification through examination and subsequently issued a final order denying Elder’s application on the basis that he faded to prove appropriate rehabilitation.
Elder timely appealed the final order to this court on the ground that he had been deprived of access to the administrative process. By agreement of the parties, this court relinquished jurisdiction, and on August 5, 2003, the Board entered an order vacating the final order and issued a Notice of Intent to Deny the application, informing Elder of his administrative rights. Elder sought review of the Notice of Intent to Deny, disputing the grounds for the denial. He also requested a formal hearing pursuant to section 120.57(1), Florida Statutes (2003).
On November 19, 2004, the Board voted to amend the Notice of Intent to Deny to reflect a new ground for denial: Elder’s prior disciplinary action, specifically the voluntary relinquishment and related *1174 cases. Elder filed a petition asserting that he lacked notice of the Board’s decision to consider a new ground for the denial and that the Board failed to timely consider his request for a formal hearing.
The Board agreed that there were no disputed factual issues to determine and afforded Elder an informal hearing on February 11, 2005. By final order entered on April 4, 2005, the Board denied Elder’s application on the basis that (1) no material facts were in dispute and (2) Elder had been disciplined in the past, pursuant to sections 455.227(l)(f) and (2), Florida Statutes. Elder filed a timely notice of appeal of this order.
Section 455.227 provides that an action against one’s license, including the acceptance of a relinquishment of licensure, shall constitute grounds for which the Board may refuse to certify an application for licensure. See § 455.227(l)(f) and (2), Fla. Stat. (2005). Under different circumstances, the fact that the Board had previously taken disciplinary action against Elder’s license would amply support denying his request for relicensure. However, this reason alone is insufficient in this case. By accepting Elder’s voluntary relinquishment and agreement not to reapply for a license in Florida for at least five years, the Board essentially forfeited the opportunity to later penalize him for the series of complaints then pending against him. Thus, the Board cannot now refuse to certify his licensure application for the same conduct that provided the basis for the voluntary relinquishment.
Perhaps the Board could have denied the application on the ground that Elder failed to demonstrate that he was appropriately rehabilitated, but it chose not to do so. Even then, he may have been entitled to a formal hearing to decide any disputed issues of material fact implicated in the notice of denial. See § 120.57(1), Fla. Stat. (2005) (describing additional procedures applicable to hearings involving disputed issues of material fact). Regardless, the reasons provided by the Board in the final order do not provide a proper basis for denying Elder’s application for a license. Accordingly, we reverse and remand the case for further consideration by the Board.
WOLF, PADOVANO, and POLSTON, JJ., concur.